NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:09-CV-00105-HRW

JEFFREY ALAN HUDSON                                        PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY, Warden                                         RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Jeffrey Alan Hudson, a prisoner currently confined in the Federal Prison Camp in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a Motion for a Transfer of the case to the court of his conviction. The Petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1] The Court also considers the accompanying Motion. For the reasons set forth below, the Motion will be granted and this proceeding will be transferred.

## ALLEGATIONS AND CLAIMS

The following is a summary of the factual allegations and legal claims as presented in Hudson's Petition and attached Memorandum and Exhibits [Record No. 2].

Supported by the Petitioner's own declaration and that of his trial attorney, Petitioner first

---

[1] As this litigant is appearing *pro se*, his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

sets out a short chronology. He states that on October 21, 2003, he was indicted in a 4-count indictment in the United States District Court for the Southern District of West Virginia. *United States v. Hudson*, S.D. W.Va. No. 2:03-CR-00242-1. Three of the counts were drug charges.[2] Count 4 charged a violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(I), possession of a firearm in furtherance of a drug trafficking crime. This count of the indictment contained the following factual allegations purportedly occurring in March or April of 2003: "Jeffrey Alan Hudson, did knowingly possess a firearm, that is an Intratec Tec-9 Model AB-10, a semi-automatic pistol, in furtherance of a drug trafficking crime." Exhibit [hereinafter "Ex."] 2.

In a declaration signed just before the instant Petition was submitted, Hudson's attorney describes the considerations between Hudson and himself with regard to whether to enter into a plea agreement. With regard to the firearm offense charged, he declares as follows:

> As to Court [sic] Four, the only factual basis for Mr. Hudson's plea was related to a single specifically identified firearm, an Intratec Tec-9 Model AB-10, a semi-automatic pistol (serial # A030482). . . . Mr. Hudson admitted he had previously obtained said firearm in a transaction in which Mr. Hudson exchanged methamphetamine for said firearm. . . .

Ex. 5. In December of 2003, Petitioner agreed to plead guilty to Counts 1 and 4, as charged in the indictment, for possession of that firearm, in exchange for the government's dismissing the other two drug counts. Ex. 3.

On April 14, 2004, Hudson was sentenced "to a total term of

> 211 MONTHS - The 211-month term of imprisonment consists of 151 months imposed as to Count One and a mandatory consecutive term of 60 months imposed

---

[2] In Count 1, Hudson was charged with a violation of 21 U.S.C. § 846, conspiracy to manufacture and distribute 5 grams or more of methamphetamine, also known as "crank;" Count 2 was for a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, aiding and abetting the manufacturing of a quantity of methamphetamine; Count 3 was for a violation of 21 U.S.C. § 851(a)(1), possession with intent to distribute 5 grams or more of methamphetamine.

2

as to Count Four, for a total imprisonment term of 211 months.

Judgment, Ex. 4. He did not appeal the conviction, nor bring a collateral attack pursuant to 28 U.S.C. § 2255. Three and one half years passed.

On December 10, 2007, the Supreme Court of the United States issued *Watson v. United States*, 552 U.S. 74 (2007). It is *Watson*, which gives rise to Hudson's claim herein. In *Watson*, the Court held that "receiving" a firearm as payment for drugs does not constitute "use" of the firearm as that term is used in 18 U.S.C. § 924(c). When a defendant had only *received* the firearm in payment for drugs, he was not engaging in criminal conduct, and therefore, a conviction for such use of a firearm under Section 924(c) cannot stand.

The instant Petitioner, therefore, claims that under *Watson*, since he only traded/received the pistol in payment for drugs, his action in making the exchange is no longer criminal conduct. Therefore, he is actually innocent of the Section 924(c) offense and is entitled to have his sentence on the firearm charge vacated, as was the sentence of another Section 2241 Petitioner with a *Watson* claim. He cites *Donald Lowe v. E.K. Cauley*, S.D. W.Va. No. 2:09-CV-1016,[3] "a virtually indistinguishable case. . . ."

Petitioner contends that this Court may decide this matter in his favor under its Section 2241 jurisdiction, if he satisfies the savings clause of 28 U.S.C. § 2255(e) and he proceeds to argue that he has satisfied those requirements, in that (1) his Motion by Section 2255 is inadequate and ineffective to test the legality of his conviction (more than three years passed after his conviction and the one-year statute of limitations or a Section 2255 Motion had passed when Watson was decided);

---

[3] This case, brought pursuant to 28 U.S.C. § 2241, originated in this Court, *Lowe v. Cauley*, E.D.Ky. No. 09-CV-045-HRW. This Court transferred the Petition to the Southern District of West Virginia.

3

(2) the Supreme Court had changed the substantive law defining a criminal offense such that the conduct of the Petitioner was no longer deemed criminal; and (3) therefore, this Court could and should decide the matter under its Section 2241 jurisdiction.

At the same time, Hudson also moves the Court to transfer this Section 2241 proceeding to the trial court. He admits that he wants resolution of his claim there because there is an important conflict in U.S. Attorney Offices in the two districts, as was demonstrated in *Lowe*. Presumably, the Petitioner is referring to the fact that the U.S. Attorney in the Eastern District of Kentucky opposed Lowe's *Watson* claim (*Lowe v. Cauley*, E.D.Ky. No. 09-CV-045-HRW), whereas when the matter was transferred to the Southern District of West Virginia, the U.S. Attorney joined in the Motion to vacate Lowe's firearm sentence. Hudson also admits he would prefer resolution of his claim in the trial court because he has counsel there, but not here; additionally, he argues that the transfer would be in the interests of judicial economy.

## DISCUSSION

It is true that in *Watson*, the Supreme Court held that the *receipt* of a handgun in a drug transaction does not constitute "use" of a handgun under 18 U.S.C. § 924(c) and is, therefore, not a violation of the criminal statute. 552 U.S. at 81. It is also true that under standards set by the Sixth Circuit, this Court may, under its Section 2241 jurisdiction, undertake to decide a matter relating to a federal prisoner's conviction or sentence if the Petitioner shows that his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention (28 U.S.C. § 2255(e) and *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)); and his claim is one of "actual innocence," that is, the Petitioner was convicted of conduct which an intervening Supreme Court opinion defined as non-criminal (*Bousley v. United States*, 523 U.S. 614, 623 (1998) (actual

4

innocence means factual innocence); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003)).

Petitioner Hudson alleges that these components are all present in this case, *i.e.*, he has a viable claim based upon *Watson*, which was an intervening substantive change in the law under which he was convicted and sentenced; since that change in the law, he is actually innocent of criminal conduct; and a Section 2255 Motion to the trial court is inadequate and ineffective to give him any relief because the one-year statute of limitations had run for filing such motions by the time *Watson* was decided. Therefore, he argues, this Court may grant him the relief requested, but it would be better for this Court to transfer it to the court where he was convicted, a transfer which turned out well for Lowe.

Before this Court decided *Lowe*, it had addressed a similar claim in *Belcher v. Dewalt*, No. 08-CV-216-KKC, 2008 WL 4280137 (E.D.Ky. September 15, 2008) (not reported). A jury had convicted Petitioner Belcher of several drug crimes and one count of "use" of a firearm in relation thereto. Having finished service of his concurrent 54-month sentences for the drug offenses, Belcher was serving a 360-month consecutive sentence for the use of a firearm during his drug trafficking. The firearm conviction was based on receiving the firearm in exchange for drugs. After *Watson* was decided, Belcher brought a §2241 proceeding here. The Court found that the pre-conditions for using the "savings clause" of Section 2255 had been sufficiently alleged for the Court to order a Response within 20 days.

Although poised to do so, this Court did not, however, decide *Belcher*. Only days after entry of the Order requiring the warden to respond, the trial court vacated the Petitioner's Section 924(c) conviction. That court explained that Petitioner had filed a Motion to Reopen his Case, which was re-docketed as a Section 2255 Motion and which was filed within a year of the *Watson* decision. The

5

government agreed that the firearms conviction should be set aside, but contended that Defendant Belcher should be resentenced on the remaining counts of conviction. On the ground that he had already served in excess of the guidelines on the other charges and for practical reasons, the Court refused to resentence Belcher. It vacated the firearm conviction, sentence, and supervised release, and ordered him released forthwith. This Court then dismissed the 2241 action as moot.

*Lowe*, upon which Hudson specifically relies, also turned out well for the Petitioner, who had brought his *Watson* claim in a Section 2241 proceeding to this Court. Like the instant Petitioner, Lowe had pled guilty to the same pair of charges, one drug count and one firearm count, resulting in the same pairing of an imprisonment for the drug offense first, to be followed by service of the firearm sentence consecutively. If the firearm sentence were vacated, then Lowe, who had already served the drug sentence, would be entitled to immediate release from prison.

As it has done herein, the Court examined precedent within and without the circuit. The Court also noted that Lowe, under Section 2241, was "seeking to have a federal court invoke jurisdiction over claims that are normally beyond the pale of its authority to review." *Lowe v. Cauley*, E.D.Ky. No. 09-CV-045-HRW, 2009 WL 3055346, *5 (E.D.Ky. September 21, 2009) (quoting *Bousley*, 118 S.Ct. 1612 at n.3). For that reason and because Petitioner Lowe had not even tried to bring the *Watson* claim to the court of his conviction, this Court transferred Lowe's Petition to that court, the United States District Court for the Southern District of West Virginia, where it became *Lowe v. Cauley*, S.D.W.Va. No. 09-CV-1016.

Hudson attaches copies of two pleadings from the *Lowe* case when it reached West Virginia. Ex. 1. One is the United States' Response to the Petition, which shows that the government joined in the Petitioner's Motion, "based upon the United States Supreme Court's decision in *Watson*." The

second pleading is the final order in that case, in which the court of his conviction does, indeed, grant Lowe the writ of habeas corpus, vacate his Section 924(c) sentence, and order Petitioner Lowe to be released "**FORTHWITH**."

Another case comes to mind: *Short v. Schultz*, D.N.J. No. 08-0186 (JBS), 2008 WL 305594 (D.N.J. Jan. 28, 2008) (not reported). As herein, the Petitioner submitted a Section 2241 Petition urging relief based on *Watson*, to the Court in the District of his confinement, New Jersey, in the Third Circuit. He sought to vacate two Section 924(c) convictions obtained in the Western District of Virginia, in the Fourth Circuit.

Relying on one Third Circuit case which "opined" that if there is no other remedy in the district of the prisoner's conviction and sentencing, "the Court of Appeals for the Fourth Circuit would approve of the district court's exercise jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of *error coram nobis*. *In re Nwanze*, 242 F.3d 521, 526 (3rd Cir. 2001)." *Id.*, at *3. The New Jersey District Court continued its analysis as follows:

> In *Nwanze*, the Court of Appeals approved the transfer of a petition, in circumstances such as this, to the court of conviction pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). 242 F.3d at 525-26 and n. 2. The Court of Appeals took note of the fact that such a procedure would permit the sentencing court to determine whether it should resentence the defendant on the remaining counts of conviction, whereas the Court of Appeals had "some doubt" as to whether another court could resentence on the remaining counts. Thus, transfer to the court of conviction in the Western District of Virginia seems most appropriate, in view of the multiple counts of conviction, and in light of that court's superior familiarity with the underlying conviction and sentence.
>
> Finally, the Court held that the transfer should be without prejudice to a petitioner's reinstating his habeas corpus petition in the district of confinement if the court of conviction should deny him relief on jurisdictional grounds. *Id.* at 527.

7

> Accordingly, this Court will follow the procedure approved in *Nwanze* and transfer this matter to the court of conviction.

*Short*, 2008 WL 305594, at *3. The Court transferred Short's Section 2241 Petition to the Western District of Virginia.

Upon the arrival of Short's Petition in the Western District of Virginia, that Court started with, "The first question I must answer in the case is whether a habeas petition in this court is the proper method of raising Short's substantive claim that his 924(c) sentences are invalid." *Short*, 2008 WL 1984262 at *2. After a detailed examination of Title 28, United States Code, Section 2241, Petitioner Short's trial court wrote,

> The question of the proper location in which to file a § 2241 habeas petition, however, is "best understood as a question of personal jurisdiction or venue," because these procedural protections may be waived or forfeited by the respondent. *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring) (citing *Moore v. Olsen*, 368 F.3d 757, 759-60 (7th Cir.2004)). Subject-matter jurisdiction over § 2241 claims is vested in any federal district court, pursuant to 28 U.S.C.A. § 1331 (West 2006), because all such claims entail federal questions. *Moore*, 368 F.3d at 759; *see also Ex parte Endo*, 323 U.S. 283, 293 (1944) (finding that prisoner transferred from one district to another while habeas is pending need not refile in the new district). Thus, a respondent who is not located within the territory of the judicial district where the § 2241 case is pending may nevertheless choose to defend against the petition by foregoing objection to the forum court on the grounds of personal jurisdiction or venue. *Moore*, 368 F.3d at 759-60.

> Following these principles, I find that this court may properly address Short's claims under § 2241. . . .

*Short*, 2008 WL 1984262 at *2 -3. The Court next proceeded to study the merits of Short's case, including the evidence against him with regard to the two § 924(c) charges. Short had been charged with "use," "carrying," or "possession" of a firearm in connection with a drug trafficking crime, as contrasted with *Watson*, whose conviction had been limited to the "use" of the firearm. Since Short had gone to trial, the Court could also study the jury's instructions as to what these three terms mean

8

and the evidence which was used at trial.

The West Virginia District Court then decided the matter on the merits. "Even after the *Watson* decision, Short's conduct did violate the statute under which he stands convicted and sentenced, and thus his continued confinement under the § 924(c) sentences" did not violate federal law so as to warrant relief under Section 2241. *Id.* at *5. That decision was affirmed. *Short v. Shultz*, 298 Fed.Appx. 246 (4th Cir. 2008) (unpublished), *cert. denied*, 129 S.Ct. 1376 (2009).

## CONCLUSION

This Court finds the foregoing treatment of *Watson* claims to be consistent, persuasive, and appropriate herein. Therefore, the Court will transfer the instant Section 2241 proceeding to the United States District Court for the Southern District of West Virginia, where this Petitioner pled guilty and received the sentence which he is challenging today. Also as this Court did in *Lowe* and the New Jersey Court did in *Short*, the Court will order that the transfer be without prejudice to Hudson's reinstating his habeas corpus petition here or another district of his confinement, if the court of his conviction should deny him relief on jurisdictional grounds.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1. Petitioner's Motion for a Transfer of this case [Record No. 4] is **GRANTED**.

2. The Clerk of the Court shall **TRANSFER** Petitioner Jeffrey Alan Hudson's habeas proceeding herein, to the United States District Court for the Southern District of West Virginia, the Charleston Division.

3. The transfer of the instant action from this Court will be **WITHOUT PREJUDICE** to Hudson's reinstating his habeas corpus petition here or in whichever federal district court is appropriate at that time, if the court of his conviction should deny him relief without reaching the

9

merits of his claim.

This the 1stday of February, 2010.

